# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | | |
|---|---|---|
| ATLANTIC DIVING SUPPLY, INC. d/b/a ADS, INC., | ) ) ) | |
| *Plaintiff,* | ) ) | |
| | ) | **Case No. 1:19-cv-00508** |
| v. | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ADS FEDERAL, INC., | ) ) | |
| *Defendant.* | ) ) | |
| _____ | ) | |

## FEDERAL'S ANSWER, DEFENSES AND COUNTERCLAIM TO COMPLAINT

Defendant ADS Federal, Inc. ("Federal"), by counsel, hereby respectfully submits its

answer, defenses and counterclaim to the complaint filed by Atlantic Diving Supply, Inc.

("Atlantic") on April 24, 2019.

### NATURE OF THE ACTION

1. **This is an action involving infringement of registered trademarks and unfair competition under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 et seq., and violations of Virginia common law.**

**ANSWER:**

Denied. Federal and its predecessors have been using the name and mark ADS since

1996, which predates Atlantic Diving.

2. **ADS owns and maintains the federal trademark Registration No. 3,546,088 for use in connection with goods and services related to tactical and operational goods and services intended for the government, military, and law enforcement ("ADS Registered Mark").**

**ANSWER:**

1

Admitted only that the USPTO records indicate that Plaintiff may have obtained a registration for use of a stylized version of ADS on uniforms. Otherwise denied. Federal does not sell goods or uniforms.

3. **ADS has acquired common law rights in the mark ADS for use in connection with a wide variety of goods and services including, but not limited to, logistics support, solution development, operational equipment, procurement support, tactical and operational goods and services, and program management (together with the ADS Registered Mark the "ADS Marks").**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

4. **ADS brings this action in response to Defendant's infringing and unlawful conduct and in order to protect one of ADS's most valuable assets; namely, the goodwill and consumer recognition of its well-known ADS Marks, which ADS has used continuously for over 10 years in association with a wide variety of goods and services including, but not limited to, logistics support, solution development, operational equipment, procurement support, tactical and operational foods and services, and program management.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

5. **Defendant has adopted a confusingly similar mark that wholly encompasses the term ADS, and is offering identical or highly similar goods and services under the infringing mark in violation of Plaintiff's rights, federal trademark laws, and Virginia common law.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

6. **Defendant has significantly harmed Plaintiff, confused the consuming public, and will continue to do so unless and until the relief requested herein is granted.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

## THE PARTIES

7. **ADS is a Virginia corporation and maintains its principal place of business at 621 Lynnhaven Parkway, Suite 160, Virginia Beach, Virginia 23452.**

**ANSWER:**

Defendant lacks information sufficient to admit or deny and therefore denies the allegations stated in Paragraph 7 to Plaintiff's complaint.

8. **ADS Federal is a Virginia corporation and is registered to do business at 9400 Bettge Lake Court, Lorton, Virginia 22709. ADS Federal has a registered agent at 4445 Corporation Lane, Suite 259, Virginia Beach, Virginia 23462.**

**ANSWER:**

Denied. This is an incomplete d/b/a that was in a preliminary filing stage. TSC later changed its name with an attorney as the registered agent and a different address than the one listed.

## JURISDICTION AND VENUE

9. **This Court has personal jurisdiction over Defendant because ADS Federal conducts its principal business in and from this judicial district, has engaged in business activities in, and directed to, the Commonwealth of Virginia and within this judicial district, has knowingly committed infringing acts aimed at and causing harm within Virginia and within this judicial district, and Plaintiff has suffered harm within this judicial district as a result of Defendant's conduct complained of herein.**

**ANSWER:**

Admitted only that jurisdiction exists. Otherwise denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

10. **Plaintiff's claims are, in part, based on violations of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121, and 28 U.S.C. §§ 1331 and 1338(b), and supplemental jurisdiction over the claims based on laws of the Commonwealth pursuant to 28 U.S.C. §§ 1367, because those claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.**

**ANSWER**:

Admitted only that jurisdiction exists. Otherwise denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

11. **Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, (1) Plaintiff and Defendant reside in and/or transact business in this judicial district, (2) Defendant is subject to personal jurisdiction in this judicial district, and (3) a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.**

**ANSWER**:

Admitted only that venue exists. Otherwise denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

## PLAINTIFFS' BUSINESS AND THE ADS MARKS

12. **For over ten years, ADS has been engaged in business providing a wide variety of goods and services including, but not limited to, logistics support, solution development, operational equipment, procurement support, tactical and operational goods and services, and program management. ADS offers its goods and services to the U.S. Department of Defense, federal, state, and local agencies, humanitarian organizations, defense contractors, and U.S. partner nations.**

**ANSWER**:

Denied for lack of sufficient knowledge and information. Federal is the senior user and has superior rights.

**13. As a result of the many years of continuous and extensive use of the ADS Marks in commerce throughout the U.S. in connection with logistics support, solution development, operational equipment, procurement support, tactical and operational goods and services, and program management, the ADS Marks have developed considerable recognition. ADS has worked diligently to establish—and now own— considerable and valuable goodwill, which is symbolized by its ADS Marks.**

<u>**ANSWER**</u>:

Denied. Federal is the senior user and has superior rights to and ownership of the ADS Mark.

**14. ADS maintains the ADS Registered Mark in connection with goods and services related to tactical and operational goods and services intended for the government, military, and law enforcement. A copy of Registration No. 3,546,088 is attached hereto as Exhibit A. The ADS Registered Mark is valid, subsisting, and in full force and effect.**

<u>**ANSWER**</u>:

Admitted only that the USPTO records indicate that Plaintiff may have obtained a registration for use of a stylized version of ADS on uniforms. Otherwise denied. Federal does not sell goods or uniforms.

**15. Section 8 and 15 Declarations have been filed and approved and thus the ADS Registered Mark has become incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b).**

<u>**ANSWER**</u>:

Admitted only that the USPTO records indicate that Plaintiff may have obtained a registration for use of a stylized version of ADS on uniforms. Otherwise denied. Federal does not

sell goods or uniforms. Denied that the registration is valid or enforceable or relevant to

Federal's activities.

**16. ADS has made continuous use of the ADS Registered Mark in interstate commerce since 2007 and this trademark has never been abandoned. That Mark is strong, distinctive and represents the goodwill of ADS. ADS has also acquired significant common law rights in the ADS Registered Mark for use with its other goods and services.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and

ownership of the ADS Mark.

**17. Further, ADS has acquired significant common law rights in the term ADS for use in connection with a wide variety of goods and services including, but not limited to, apparel, retail services for tactical and special operational products intended for the military and law enforcement personnel, logistics support, solution development, operational equipment, procurement support, tactical and operational goods and services, and program management.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and

ownership of the ADS Mark.

**18. ADS has made continuous use of the ADS Marks and these trademarks have never been abandoned. The ADS Marks are strong, distinctive and represents the goodwill of ADS.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and

ownership of the ADS Mark.

## DEFENDANT'S WILLFUL INFRINGEMENT OF THE ADS MARKS

**19. Recently, ADS become aware that Defendant rebranded as ADS FEDERAL (the "Infringing Mark") to promote and offer identical and highly similar goods and services as those offered by ADS under its ADS Marks. A copy of Defendant's use of the Infringing Mark is at Exhibit B. For example, Defendant uses the Infringing Mark to promote and sell logistics support, solution development, procurement support to the military and federal and state agencies. A copy of Defendant's website reflecting its overlapping goods, services and customers is attached as Exhibit C.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and

ownership of the ADS Mark.

**20. Upon information and belief, ADS Federal was aware of ADS and the ADS Marks when it adopted and began using the Infringing Mark.**

**ANSWER:**

Denied. The management of ADS Federal was not aware of the Virginia Beach based

ADS until its complaint was received.  However, the name ADS as it pertains to Accelerated

Development and Support, a predecessor by merger to Federal, predates Atlantic Diving

Supply's use of the ADS Trademark.

**21. In response, ADS issued a letter via mail and electronic mail to Defendant notifying it of the ADS Marks and requesting that Defendant cease further infringing use of those Marks. No response to that letter was received. ADS sent a second letter to Defendant again asking it to respond and cease further infringement to avoid litigation. Again, Defendant ignored that communication and did not respond.**

**ANSWER:**

Admitted only that the letter was received. Denied that it is or was accurate. The letter

arrived late as it was sent to the information mailbox on Defendant's new domain. This mailbox

is new and only periodically checked. Also, Plaintiff sent the letter to the incorrect company info,

address, and registered agent.

**22. Despite knowledge of the ADS Marks and demands to cease and desist infringing activities, Defendant has refused to do so.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**23. Defendant continues to market, promote, provide, and sell its Infringing Services through the same channels of trade and to the same customers as ADS. As a result, customers are likely to be confused as to the source of Defendant's infringing goods and services, the affiliation between Defendant and ADS, or the sponsorship of Defendant's goods and services by ADS due to the use of the Infringing Mark.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**24. Defendant's use of the Infringing Mark in connection with the infringing goods and services falsely creates the impression that such goods and services are sponsored by or affiliated with ADS and constitutes trademark infringement and unfair competition.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**25. Defendant's infringing goods and services are not ADS's goods and services, and Defendant does not have the sponsorship, consent, approval, or certification of ADS to the ADS Marks or any trademark including the word "ADS" in connection with the infringing goods and services.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**26. Defendant's unfair competition and infringement demonstrate intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of ADS's customers and potential customers and of the public, to trade on ADS's goodwill, to palm off Defendant's services as those of ADS, and to create the false impression of a connection, affiliation, association between ADS and Defendant, or of sponsorship or approval of ADS, all causing irreparable injury to ADS.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**27. ADS has no adequate remedy at law.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**28. Defendant has ignored Plaintiff's attempts to discuss the unauthorized use and continues to use the Infringing Mark, thereby knowingly and willfully violating ADS's trademark rights.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**FIRST CAUSE OF ACTION**
**(15 U.S.C. § 1114 - Infringement of Federally Registered Trademarks)**

**29. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.**

**ANSWER:**

Federal incorporates by reference its answers to the prior paragraphs of Plaintiff's complaint.

**30. ADS owns and has rights to use its federally registered ADS Registered Mark in connection with goods and services related to tactical and operational goods and services intended for the government, military, and law enforcement.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**31. Plaintiff's rights in the ADS Registered Mark predate Defendant's first use of the Infringing Mark, which wholly contains the term ADS.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**32. Defendant's use of the Infringing Mark in connection with the solicitation of business related to goods and services intended for the government, military, and law enforcement is likely to cause confusion, or cause mistake or deceive, in violation of 15 U.S.C. § 1114.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**33. As a direct and proximate result of Defendant's unauthorized use of the Infringing Mark, Plaintiff has suffered and will continue to suffer substantial injury to its business, reputation, and goodwill.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**34. By using the Infringing Mark without Plaintiff's approval or consent, Defendant is willfully infringing Plaintiff's rights with the intent to trade on the goodwill associated with the ADS Registered Mark.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**35. ADS will be irreparably harmed by Defendant's wrongful acts, unless enjoined by this Court. There is no adequate remedy at law for the harm caused by the wrongful acts alleged herein. ADS is entitled to injunctive relief prohibiting Defendant from using the ADS Registered Mark, or any marks confusingly similar thereto, in accordance with 15 U.S.C. § 1116, and to recover all damages, including attorneys' fees, that ADS has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action, pursuant to 15 U.S.C. § 1117(a).**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**SECOND CAUSE OF ACTION**
**(15 U.S.C. § 1125(a) - False Designation of Origin & Unfair Competition)**

**36. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 35 of this Complaint as if fully set forth herein.**

**ANSWER:**

Federal incorporates by reference its answers to the prior paragraphs of Plaintiff's complaint.

**37. Defendant's unauthorized use in commerce of the Infringing Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.**

**ANSWER:**

 Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

 **38. Through longstanding use, ADS owns and has rights to use the ADS Marks in connection with a wide variety of goods and services including, but not limited to, apparel, retail services for tactical and special operational products intended for the military and law enforcement personnel, logistics support, solution development, operational equipment, procurement support, tactical and operational goods and services, and program management.**

**ANSWER:**

 Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

 **39. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.**

**ANSWER:**

 Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

 **40. Plaintiff's rights in the ADS Marks predate Defendant's first use of the Infringing Mark.**

**ANSWER:**

 Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

 **41. The ADS Registration is in full force and effect.**

**ANSWER:**

Admitted only that the USPTO records indicate that Plaintiff may have obtained an

irrelevant and inapplicable registration for use of a stylized version of ADS on uniforms.

Otherwise denied. Federal does not sell goods or uniforms.

**42. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and

ownership of the ADS Mark.

**43. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and

ownership of the ADS Mark.

**44. As a direct and proximate result of Defendant's unauthorized use of the Infringing Mark, Plaintiff has suffered and will continue to suffer substantial injury to its business, reputation, and goodwill.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and

ownership of the ADS Mark.

**45. Defendant has willfully infringed Plaintiff's rights with the intent to trade upon the goodwill associated with the ADS Marks.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and

ownership of the ADS Mark.

**46. Plaintiff has been and will be irreparably harmed by Defendant's wrongful acts, unless enjoined by this Court. There is no adequate remedy at law for the harm caused by the wrongful acts alleged herein. ADS is entitled to injunctive relief prohibiting Defendant from using the ADS Registered Mark, or any marks confusingly similar thereto, in accordance with 15 U.S.C. § 1116, and to recover all damages, including attorneys' fees, that ADS has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action, pursuant to 15 U.S.C. § 1117(a).**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and

ownership of the ADS Mark.


### THIRD CAUSE OF ACTION
### (Common Law Trademark Infringement)

**47. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 46 of this Complaint as if fully set forth herein.**

**ANSWER:**

Federal incorporates by reference its answers to the prior paragraphs of Plaintiff's

complaint.

**48. ADS owns all rights, title, and interest in and to the ADS Marks, including all common law rights in such marks.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and

ownership of the ADS Mark.


**49. Defendant, without authorization from Plaintiff, has used and is continuing to use the Infringing Mark, which is substantially indistinguishable from or confusingly similar to the ADS Marks.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**50. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion and mistake among consumers and the public as to whether the goods and services originate from, or are affiliated with, sponsored by, or endorsed by, Plaintiff.**

**ANSWER:**

Denied. Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**51. On information and belief, Defendant has acted with knowledge of Plaintiff's ownership of and rights in the ADS Marks and with deliberate intent or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.**

**ANSWER:**

Denied. Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**52. Defendant's acts constitute trademark infringement in violation of the common law of the Commonwealth of Virginia.**

**ANSWER:**

Denied. Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**53. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law. ADS is entitled to injunctive relief prohibiting Defendant from using the ADS Registered Mark, or any marks confusingly similar thereto, in accordance with 15 U.S.C. § 1116, and to recover all damages, including attorneys' fees, that ADS has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action, pursuant to 15 U.S.C. § 1117(a).**

**ANSWER:**

Denied. Denied. Federal is the senior user of the ADS Mark and has superior rights to

and ownership of the ADS Mark.

## FOURTH CAUSE OF ACTION
### (Common Law Unfair Competition)

**54. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 53 of this Complaint as if fully set forth herein.**

**ANSWER:**

Federal incorporates by reference all of its answers to the prior paragraphs of Plaintiff's

complaint.

**55. The foregoing acts of Defendant constitute unfair competition in violation of the common law of the Commonwealth of Virginia.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and

ownership of the ADS Mark.

**56. With full knowledge of Plaintiff's rights in the ADS Marks, Defendant continues to offer services under the Infringing Mark.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and

ownership of the ADS Mark.

**57. On information and belief, Defendant will make profits or gains to which they are not entitled in law or equity if not enjoined from promoting, offering to sell, and selling identical or highly similar goods and services as those protected under the ADS Marks.**

**ANSWER:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**58. On information and belief, Defendant intends to continue its unlawful acts unless restrained by this Court.**

<u>**ANSWER**</u>**:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**59. On information and belief, Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.**

<u>**ANSWER**</u>**:**

Denied. Federal is the senior user of the ADS Mark and has superior rights to and ownership of the ADS Mark.

**60. Wherefore, Plaintiff prays for the relief requested below.**

<u>**ANSWER**</u>**:**

Admitted only that Plaintiff requests the specified relief. Denied that Plaintiff is entitled to the specified relief or any other relief.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE, Plaintiff prays for the following relief:**

**1.     That judgment be entered as follows:**
  **a.  Defendant has infringed Plaintiff's federally registered trademarks pursuant to 15 U.S.C. § 1114;**
  **b.  Defendant has engaged in unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125 (a));**
  **c.  Defendant has infringed Plaintiff's common law trademark rights; and**
  **d.  Defendant is unfairly competing with Plaintiff in violation of Plaintiff's common law rights;**

**ANSWER:**

Admitted only that Plaintiff requests the specified relief. Denied that Plaintiff is entitled

to the specified relief or any other relief.

**2.      An Order requiring that Defendant and any subsidiaries, officers, directors, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from:**

> **a.   making any unauthorized use of the ADS Marks or any colorable imitation thereof in connection with the sale of any goods or offering of any services;**
> **b.   using any mark, design, statement, or representation that falsely represents or that has the effect of falsely representing that the services or products of Defendants are in any way sponsored by, originate with, or are associated or approved by Plaintiffs;**
> **c.   falsely representing themselves or their goods or services as affiliated with, connected with, associated with, or approved by Plaintiffs;**
> **d.   doing any other act or thing likely to cause confusion or mistake in the minds of members of the public, including prospective customers of Plaintiff, as to the source of the goods and services offered, distributed, marketed, advertised, or sold by Defendant, or as to whether there is a connection between Plaintiff and Defendant; and**
> **e.   assisting, aiding, or abetting any other person or entity in engaging in any of the acts set forth in (a) through (d) above;**

**ANSWER:**

Admitted only that Plaintiff requests the specified relief. Denied that Plaintiff is entitled

to the specified relief or any other relief.

**3.      Damages in an amount to be proven at trial sufficient to compensate Plaintiff for all damages caused by Defendant's conduct, with such damages to be trebled;**

**ANSWER:**

Admitted only that Plaintiff requests the specified relief. Denied that Plaintiff is entitled

to the specified relief or any other relief.

**4.      Disgorgement of all profits or other unjust enrichment obtained by Defendant as a result of Defendant's conduct complained of herein, with the amount of such profits increased to the extent they are inadequate to compensate Plaintiff for the harm incurred as a result of Defendant's acts;**

<u>**ANSWER:**</u>

Admitted only that Plaintiff requests the specified relief. Denied that Plaintiff is entitled to the specified relief or any other relief.

**5.      An accounting of all financial records of Defendant since Defendant began using the Infringing Mark;**

<u>**ANSWER:**</u>

Admitted only that Plaintiff requests the specified relief. Denied that Plaintiff is entitled to the specified relief or any other relief.

**6.      All allowable costs associated with this action;**

<u>**ANSWER:**</u>

Admitted only that Plaintiff requests the specified relief. Denied that Plaintiff is entitled to the specified relief or any other relief.

**7.      Plaintiff's attorney's fees under 15 U.S.C. § 1117;**

<u>**ANSWER:**</u>

Admitted only that Plaintiff requests the specified relief. Denied that Plaintiff is entitled to the specified relief or any other relief.

**8.      Pre- and post-judgment interest; and**

<u>**ANSWER:**</u>

Admitted only that Plaintiff requests the specified relief. Denied that Plaintiff is entitled to the specified relief or any other relief.

**9.      Any and all additional relief this Court deems just under the circumstances.**

**ANSWER:**

Admitted only that Plaintiff requests the specified relief. Denied that Plaintiff is entitled to the specified relief or any other relief.

## DEMAND FOR JURY TRIAL

**Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury of any issues so triable.**

**ANSWER:**

Admitted. Federal requests trial by jury on its defenses and counterclaims.

## DEFENSES

1.      **Federal Has Superior Rights.** Federal is the senior user and owner of the ADS Mark. Federal and its predecessors have been using the ADS Mark in connection with government contracting services since at least 2005, which pre-dates Plaintiff's asserted date of first use.

2.      **Unrelated Goods and Services.** Plaintiff's registration for the sale of uniforms is irrelevant and inapplicable because the goods and services are unrelated and there is no likelihood of confusion.

3.      **Laches, Waiver and Estoppel.** Federal and its predecessors have been using the ADS Mark in commerce in connection with government contracting services since at least 2005. Plaintiff waited at least 13 years to file the pending action. Plaintiff's claims are therefore barred by laches, waiver and estoppel.

## COUNTERCLAIMS

Federal herby respectfully submits its counterclaims against Plaintiff Atlantic Diving Supply ("Atlantic").

1.      The residency and citizenship of the parties is as stated in Atlantic's complaint.

2.      Jurisdiction and venue are proper in this Court because Atlantic filed its original complaint here.

3.      This court has ancillary, supplemental and federal question jurisdiction over this counterclaim, which arises from the same nucleus of operative facts and from the same transactions and occurrences as Atlantic's original complaint.

## FEDERAL'S BUSINESS AND THE ADS MARKS

4.      Since at least 2005, Federal has been engaged in business providing a wide variety of services including, but not limited to, logistics support, solution development, operational equipment, procurement support, tactical and operational services, and program management. Federal offers its services to the U.S. Department of Defense, federal, state, and local agencies, humanitarian organizations, defense contractors, and U.S. partner nations.

5.      As a result of the many years of continuous and extensive use of the ADS Marks in commerce throughout the U.S. in connection with logistics support, solution development, operational equipment, procurement support, tactical and operational services, and program management, Federal's ADS Marks have developed considerable recognition. Federal has worked diligently to establish—and now owns—considerable and valuable goodwill, which is symbolized by its ADS Marks.

6.      Federal has made continuous use of the ADS Marks in interstate commerce since 2005 and this trademark has never been abandoned. Federal's ADS Marks are strong, and distinctive and represent the goodwill of Federal. Federal has also acquired significant common law rights in the ADS Marks for use with its other services.

7.      Further, Federal has acquired significant common law rights in the term ADS for use in connection with a wide variety of services including, but not limited to, logistics support, solution development, operational equipment, procurement support, tactical and operational services, and program management.

8.      Federal has made continuous use of the ADS Marks, and these trademarks have never been abandoned. The ADS Marks are strong and distinctive and represents the goodwill of Federal.

9.      Atlantic was aware of Federal's predecessors and their ADS Marks when it adopted and began using the Infringing Mark, which is its registered and unregistered versions of ADS.

10.      Despite knowledge of the ADS Marks and demands to cease and desist infringing activities, Atlantic has refused to do so.

11.      Atlantic continues to market, promote, provide, and sell its infringing goods and services through the same channels of trade and to the same customers as Federal. As a result, customers are likely to be confused as to the source of Atlantic's infringing goods and services, the affiliation between Atlantic and Federal, or the sponsorship of Atlantic's goods and services by Federal due to Atlantic's use of the Infringing Mark.

12.     Atlantic's use of the Infringing Mark in connection with its infringing goods and services falsely creates the impression that such goods and services are sponsored by or affiliated with Federal and constitutes trademark infringement and unfair competition.

13.     Atlantic's infringing goods and services are not Federal's goods and services, and Defendant does not have the sponsorship, consent, approval, or certification of Federal to the ADS Marks or any trademark including the word "ADS" in connection with Atlantic's infringing goods and services.

14.     Atlantic's unfair competition and infringement demonstrate intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of Federal's customers and potential customers and of the public, to trade on Federal's goodwill, to palm off Atlantic's services as those of Federal, and to create the false impression of a connection, affiliation and association between Federal and Atlantic, or of sponsorship or approval of Atlantic by Federal, all causing irreparable harm and injury to Federal.

15.     Federal has no adequate remedy at law.

16.     Atlantic has ignored Federal's attempts to discuss Atlantic's unauthorized use and continues to use the Infringing Marks, thereby knowingly and willfully violating Federal's trademark rights.

**FIRST CAUSE OF ACTION**
**(15 U.S.C. § 1125(a) – False Designation of Origin & Unfair Competition)**

17.     Federal repeats and realleges the allegations contained in Paragraphs 1 through 16 of this Counterclaim as if fully set forth herein.

18.     Atlantic's unauthorized use in commerce of the Infringing Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Atlantic's goods and

services, and is likely to cause consumers to believe, contrary to fact, that Atlantic's goods and services are authorized, endorsed, or sponsored by Federal, or that Atlantic is in some way affiliated with or sponsored by Federal.

19. Through longstanding use, Federal owns and has rights to use the ADS Marks in connection with a wide variety of services including, but not limited to, logistics support, solution development, operational equipment, procurement support, tactical and operational services, and program management.

20. Atlantic's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

21. Federal's rights in the ADS Marks predate Atlantic's first use of the Infringing Mark.

22. Atlantic's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Atlantic with Federal.

23. Atlantic's conduct as alleged herein constitutes false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. As a direct and proximate result of Atlantic's unauthorized use of the Infringing Mark, Federal has suffered and will continue to suffer substantial injury to its business, reputation, and goodwill.

25. Atlantic has willfully infringed Federal's rights with the intent to trade upon the goodwill associated with the ADS Marks.

26.     Federal has been and will be irreparably harmed by Atlantic's wrongful acts, unless enjoined by this Court. There is no adequate remedy at law for the harm caused by the wrongful acts alleged herein. Federal is entitled to injunctive relief prohibiting Atlantic from using the ADS Mark, or any marks confusingly similar thereto, in accordance with 15 U.S.C. § 1116, and to recover all damages, including attorneys' fees, that Federal has sustained and will sustain, and all gains, profits, and advantages obtained by Atlantic as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action, pursuant to 15 U.S.C. § 1117(a).

**SECOND CAUSE OF ACTION**
**(Common Law Trademark Infringement)**

27.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.     Federal owns all rights, title, and interest in and to the ADS Marks, including all common law rights in such marks.

29.     Atlantic, without authorization from Federal, has used and is continuing to use the Infringing Mark, which is substantially indistinguishable from or confusingly similar to the ADS Marks.

30.     The foregoing acts of Atlantic are intended to cause, have caused, and are likely to continue to cause confusion and mistake among consumers and the public as to whether the goods and services originate from, or are affiliated with, sponsored by, or endorsed by, Federal.

31.     On information and belief, Atlantic has acted with knowledge of Federal's ownership of and rights in the ADS Marks and with deliberate intent or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

32.     Atlantic's acts constitute trademark infringement in violation of the common law of the Commonwealth of Virginia. Atlantic has engaged in trademark infringement willfully and intentionally and with a reckless disregard for the rights of Federal.

33.     Atlantic's acts have damaged and will continue to damage Federal, and Federal has no adequate remedy at law. Federal is entitled to injunctive relief prohibiting Atlantic from using the ADS Mark, or any marks confusingly similar thereto, in accordance with 15 U.S.C. § 1116 and Virginia law, and to recover all damages, including attorneys' fees, that Federal has sustained and will sustain, and all gains, profits, and advantages obtained by Atlantic as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action, pursuant to 15 U.S.C. § 1117(a) and Virginia Law.

### THIRD CAUSE OF ACTION
### (Common Law Unfair Competition)

34.     Federal repeats and realleges the allegations contained in Paragraphs 1 through 33 of this Counterclaim as if fully set forth herein.

35.     The foregoing acts of Atlantic constitute unfair competition in violation of the common law of the Commonwealth of Virginia.

36.     With full knowledge of Atlantic's rights in the ADS Marks, Atlantic continues to offer services under the Infringing Mark.

37.     Atlantic will make profits or gains to which they are not entitled in law or equity if not enjoined from promoting, offering to sell, and selling identical or highly similar services as those protected under the ADS Marks.

38.     Atlantic intends to continue its unlawful acts unless restrained by this Court.

39. Atlantic acts have damaged and will continue to damage Federal, and Federal has no adequate remedy at law.

40. Atlantic has engaged in unfair competition willfully and intentionally, and with a reckless disregard for the rights of Federal.

41. Wherefore, Federal prays for the relief requested below.

## PRAYER FOR RELIEF

WHEREFORE, Federal prays for the following relief:

10. That judgment be entered as follows:

    a. Atlantic has infringed Federal's federally registered trademarks pursuant to 15 U.S.C. § 1114;

    b. Atlantic has engaged in unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125 (a));

    c. Atlantic has infringed Federal's common law trademark rights; and

    d. Atlantic is unfairly competing with Federal in violation of Federal's common law rights;

11. An Order requiring that Atlantic and any subsidiaries, officers, directors, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with Atlantic, be preliminarily and permanently enjoined and restrained from:

    a. making any unauthorized use of the ADS Marks or any colorable imitation thereof in connection with the sale of any goods or offering of any services;

    b. using any mark, design, statement, or representation that falsely represents or that has the effect of falsely representing that the services or products of

Atlantic are in any way sponsored by, originate with, or are associated or approved by Federal;

    c.    falsely representing themselves or their goods or services as affiliated with, connected with, associated with, or approved by Federal;

    d.    doing any other act or thing likely to cause confusion or mistake in the minds of members of the public, including prospective customers of Federal, as to the source of the goods and services offered, distributed, marketed, advertised, or sold by Atlantic, or as to whether there is a connection between Federal and Atlantic; and

    e.    assisting, aiding, or abetting any other person or entity in engaging in any of the acts set forth in (a) through (d) above;

12.    Damages in an amount to be proven at trial sufficient to compensate Federal for all damages caused by Atlantic's conduct, with such damages to be trebled;

13.    Disgorgement of all profits or other unjust enrichment obtained by Atlantic as a result of Atlantic's conduct complained of herein, with the amount of such profits increased to the extent they are inadequate to compensate Federal for the harm incurred as a result of Atlantic's acts;

14.    An accounting of all financial records of Atlantic since Atlantic began using the Infringing Mark;

15.    All allowable costs associated with this action;

16.    Federal's attorney's fees under 15 U.S.C. § 1117;

17.    Punitive and exemplary damages in the amount of $350,000 under Virginia law.

18.    Pre- and post-judgment interest; and

19.     Any and all additional relief this Court deems just under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Federal hereby requests a

trial by jury of any issues so triable.

Respectfully Submitted This 20th Day of May, 2019

ADS Federal, Inc.

*/s/ Michael C. Whitticar*
Michael C. Whitticar (VSB No. 32968)
NOVA IP Law, PLLC
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Phone:  571-386-2980
Fax:  855-295-0740
e-mail:  mikew@novaiplaw.com
*Counsel For Defendant ADS Federal, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing Answer, Defenses and Counterclaim was filed through

the court's ECF/ECM system on May 20, 2019, which will send by e-mail copies thereof to the

following counsel of record for the plaintiff:


Scott C. Miller (VSB No. 77088)
smiller@williamsmullen.com
Robert C. Van Arnam, *Pro Hac Vice* Counsel
rvanarnam@williamsmullen.com
WILLIAMS MULLEN
999 Waterside Drive, Suite 1700
Norfolk, VA 23510
Telephone: (757) 622-3366
Facsimile: (757) 629-0660
*Counsel For Plaintiff Atlantic Diving Supply, Inc.*


<u>*/s/ Michael C. Whitticar*</u>
Michael C. Whitticar